**Sharon Daniela MENDEZ TOLEDO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 10–71167.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2011.[*]

Filed Aug. 17, 2011.

Sharon Daniela Mendez Toledo, Los Angeles, CA, pro se.

Anna Nelson, OIL, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, THOMAS, and MURGUIA, Circuit Judges.

MEMORANDUM [**]

Sharon Daniela Mendez Toledo, a native and citizen of Guatemala, petitions for re-

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

view of an order of the Board of Immigration Appeals ("BIA") dismissing her appeal from an immigration judge's ("IJ") decision denying her motion to reopen removal proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002), and we deny the petition for review.

The BIA did not abuse its discretion in denying Mendez Toledo's motion to reopen because the motion was filed more than ten years after the IJ's August 4, 1998, removal order, *see* 8 U.S.C. § 1229a(b)(5)(C)(i), and Mendez Toledo failed to establish that she lacked notice, *see id.* at (C)(ii), or establish grounds for equitable tolling, *see Iturribarria v. INS,* 321 F.3d 889, 897–98 (9th Cir.2003).

Mendez Toledo's contention that personal service of the notice to appear and hearing notice on her mother was insufficient is not persuasive. *See* 8 C.F.R. § 103.5a(c)(2)(ii) (service of notice to appear "shall be made upon the person with whom the ... minor resides"); *see also Flores–Chavez v. Ashcroft,* 362 F.3d 1150, 1157 (9th Cir.2004) (immigration regulations "contemplate[ ] that no minor alien under age eighteen should be presumed responsible for understanding his rights and responsibilities in preparing for and appearing at final immigration proceedings.").

Mendez Toledo's remaining contentions are not persuasive.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.